UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SONYA WILLIAMS, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-9152** |
| **BARRY STOCKSTILL, ET AL** | **SECTION "B"(3)** |

### ORDER AND REASONS

Plaintiffs filed a motion to remand, alleging that defendants' Notice of Removal was procedurally defective. Rec. Doc. 9-1 at 2. Defendants timely filed a response in opposition. Rec. Doc. 12. For the reasons discussed below,

**IT IS ORDERED** that the motion to remand is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion for attorney's fees is **DENIED.**

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs filed a complaint against defendants Barry Stockstill and Contract Freighters, Inc. ("CFI") in Orleans Civil District Court for injuries resulting from a motor vehicle collision on January 29, 2018. Rec. Doc. 1-1 at 1. Plaintiffs allege that defendant Barry Stockstill's negligence in operating the vehicle, owned by CFI, caused the collision, and that he was in the course and scope of his employment with CFI at the time of the accident. Rec. Doc. 1-2. Defendants filed their answers in state court, denying plaintiff's allegations and asserting that

1

any damages plaintiffs may have sustained were the result of plaintiff's own negligence. Rec. Doc. 1-1 at 9-18. Further, defendants asserted that they reserved their right to remove the case at a later date as it was not facially apparent from the petition whether the federal diversity jurisdictional amount of $75,000 in dispute was present. Id. Defendants filed a notice of removal on October 3, 2018 on the basis of diversity jurisdiction. Rec. Doc. 1. Defendants asserted that the parties had diverse citizenship and the amount in controversy exceeded the $75,000 minimum amount, as stated in plaintiff's Offer of Judgment provided to defendants on September 20, 2018. Id. at 5.

Plaintiffs filed the instant motion to remand and for attorney's fees, claiming that defendants' removal notice was procedurally deficient because it was untimely. Rec. Doc. 9-1. Defendants filed a response in opposition stating that their notice of removal was timely filed within 30 days of the point at which it became clear that plaintiff's claims met the minimum threshold for diversity jurisdiction. Rec. Doc. 12.

**THE PARTIES' CONTENTIONS**

Plaintiffs argue that defendants' notice of removal was untimely because it was not filed within thirty days of defendants' receipt of papers from which it was ascertainable that the case was removable. Rec. Doc. 9-1 at 2-3. Although it was not facially

apparent from the initial pleadings that the jurisdictional amount was met, plaintiffs state that they provided discovery responses and medical records to defendants on April 20, 2018 demonstrating that the value of the case was greater than $75,000. Id. at 5-6. Specifically, plaintiffs claim that Sonya Williams stated her damages exceed $75,000 in her response to defendants' interrogatories and also provided medical records disclosing that Ms. Williams underwent a Lumbar Epidural Steroid Injection. Rec. Doc. 9-5 at 3. Therefore, plaintiffs argue that defendants' thirty-day clock for a timely removal began upon receipt of this information on April 20, 2018, making the notice of removal filed on October 3, 2018 untimely.

Defendants oppose remand, arguing that their notice of removal was timely because the thirty-day window did not begin to run until they received plaintiff's Offer of Judgment on September 20, 2018. Rec. Doc. 12. Defendants assert that the documents provided by plaintiffs prior to the Offer of Judgment were not sufficient to trigger removal because it must be "unequivocally clear and certain" that the amount in dispute is met so as to allow the defendant to present the required summary judgment-type evidence in support of the preponderance of evidence burden placed upon him. Id. at 5. Defendants claim this burden was first met on September 20, 2018 when plaintiffs provided their formal Offer of Judgment letter and supporting information reflecting continued

treatment for ongoing complaints and a second round of epidural steroidal injections. Id. at 8. Defendants filed their notice of removal on October 3, 2018, thirteen days after receipt of the Offer of Judgment letter, and therefore argue that it was timely. Id.

**LAW AND ANALYSIS**

District Courts have original jurisdiction, called diversity jurisdiction, over all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. §1332(a). If a civil action over which the district courts of the United States have original jurisdiction is brought in a State Court, it "may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Defendants must file a notice of removal pursuant to 28 U.S.C. §1446. Generally,

> "[t]he notice of a removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based,"

28 U.S.C. § 1446(b)(1).

However,

> "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30

4

> days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

28 U.S.C. § 1446(b)(3).

The removing party bears the burden of showing that removal was proper, and any ambiguities are to be strictly construed in favor of remand. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 722 (5th Cir. 2002).

The issue before the Court in this case is a "timeliness dispute" rather than an "amount dispute." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 398 (5th Cir. 2013). That is, parties do not disagree as to whether the amount in controversy has been met but rather, plaintiff argues that the defendant has missed the deadline for removing and is therefore barred from removing. *Id.* As stated above, § 1446(b)(1) states that generally notice of removal shall be filed within 30 days of receipt by the defendant of the initial pleading. However, the Fifth Circuit has held the thirty-day clock is only triggered by the initial pleading if it "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). When state laws prohibit plaintiffs from pleading unliquidated damage amounts, as is the case in Louisiana, the Fifth Circuit has held that a plaintiff should place "in the initial pleading a specific allegation that

damages are in excess of the federal jurisdictional amount" if she wishes the thirty-day time period to run from the defendant's receipt of the initial pleading. *Mumfrey* at 400. In this case, plaintiffs did not include such a provision in their state court petition, and therefore neither party disputes that the thirty-day clock did not begin to run at the time the initial state court case was filed.

This leaves the Court to analyze when the thirty-day clock begin to run under § 1446(b)(3), which states that defendants must file a notice of removal within thirty days of receipt of an "other paper from which it may first be ascertained that the case is one which is or has become removable." The Court will analyze when the thirty-day clock began to run below.

A. <u>Defendant's Notice of Removal Was Untimely</u>

Defendants' notice of removal was procedurally defective because it was filed more than thirty days after receipt of plaintiffs' interrogatory responses stating that damages exceeded the jurisdictional amount. Parties disagree as to which "paper" began the thirty-day window for removal. Plaintiffs assert that the interrogatory responses and medical records they provided to defendants on April 20, 2018 specifically stated that Ms. Williams' "damages exceed[] $75,000" and therefore the removal window opened at that time. Rec. Doc. 9-1 at 3. Defendants argue that it was not "unequivocally clear and certain" that defendants could establish

by a preponderance of evidence the jurisdictional amount had been met until receipt of the Offer of Judgment letter on September 20, 2018. Rec. Doc. 12 at 2. Defendants specifically argue that plaintiffs' response to interrogatories admitting that damages exceeded $75,000 alone did not constitute "summary-judgment type evidence" that defendant could use to meet its burden of proving the jurisdictional amount by a preponderance of evidence. *Id*. at 3. In support of their argument defendants cite to cases holding that defendants' conclusory damage allegations are not sufficient to establish whether the requisite amount is met, and that summary-judgement type evidence is necessary. *Id.* However, the cases to which defendants cite are distinguishable from the present case. The line of cases cited by defendants held that the *defendant's* conclusory damage allegations were not sufficient to establish the amount in controversy, but defendants in this case did not attempt to put forth conclusory damage allegations. Rather, *plaintiffs* stated in response to interrogatories that their damages exceeded the jurisdictional threshold. Rec. Doc. 9-5. Defendant would not have been providing conclusory allegations in their removal petition if they had removed on this basis and provided plaintiffs' interrogatory responses and pertinent medical records as the basis for their removal notice.

Furthermore, a written interrogatory response by plaintiffs that their damages exceed the jurisdictional amount is "unequivocally clear and certain" information and appropriate summary-judgement type evidence that would allow defendants to meet their preponderance of evidence burden. In fact, in *Chapman,* the seminal Fifth Circuit case on timeliness disputes, the Court stated that "the answer to interrogatory which triggered the filing of the notice of removal in this case" qualified as a "paper" from which removability could be ascertained pursuant to § 1446(b)(3). *See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992). The Fifth Circuit has held that the "other paper" from which removability may be ascertained "requires a voluntary act by the plaintiff." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). Judges in this district have frequently held that interrogatory responses can trigger the thirty-day period for removal. *See Leboeuf v. Texaco,* 9 F. Supp. 2d 661, 664 (E.D. La. 1998) (holding that plaintiffs' interrogatory response raised an issue of federal law sufficient to trigger the thirty-day period for removal); *Freeman v. Witco, Corp.,* 984 F. Supp. 443, 447 (E.D. La. 1997) (holding that plaintiff's response to defendants' request for admission constituted "other paper under § 1446(b)"); *Booty v. Shoney's*, 872 F.Supp. 1524 (E.D.La.1995) (holding that it was not until receipt of plaintiffs' interrogatory answers that defendant became aware that plaintiffs' claims were removable);

*Vincent v. Silver Cinema's, Inc.*, 1998 WL 274242 (E.D.La.) (holding that defendants' notice of removal was timely filed within thirty days after receipt of plaintiff's interrogatory response). Therefore, defendants' thirty-day window for removal began upon receipt of plaintiffs' interrogatories responses on April 20, 2018 and defendants' notice of removal filed on October 3, 2018 was untimely.

B. Attorney's Fees

Plaintiffs are not awarded attorney fees because defendants did not lack an objectively reasonable basis for seeking removal. An award of attorney's fees on remand after removal is not automatic. Generally, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, (2005). If the removing party "could conclude from th[e] case law that its position was not an unreasonable one" at the time of removal, then it had an objectively reasonable basis for removal. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Defendants had an objectively reasonable basis for seeking removal, as plaintiffs' Offer of Judgment letter did state that damages exceeded the threshold. Rec. Doc. 12-4. While this Court finds that removal was ultimately untimely, defendants' basis for removal just barely provided a reasonable basis. Therefore, attorney's fees are not

awarded in this case. Movant is now forewarned against using offers of judgment that are preceded by other reliable papers that initially demonstrate the value of claims or jurisdictional amount.

New Orleans, Louisiana, this 11th day of February, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE